**THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

UNITED STATES OF AMERICA,

**Plaintiff,**

v.

[1] Manuel Valentin-Vega,

**Defendant.**

**CIVIL NO. 26-186-1(RAM)**

**MEMORANDUM AND ORDER**

This matter comes before the Court on the United States' *Motion for Cautionary Notices* and Defendant Manuel Valentin-Vega's ("Defendant" or "Valentin-Vega") [1]'s *Response in Opposition to Motion for Cautionary Notices*. (Docket Nos. 87 and 104, respectively). Having reviewed the motions and the Indictment's forfeiture allegations, the Court **GRANTS** the *Motion for Cautionary Notices*.

Defendant's *Opposition* contends that the real properties subject of the requested cautionary notices were designated in the indictment as substitute assets pursuant to 18 U.S.C. 1963(m) and 21 U.S.C. 853(p). (Docket No. 104 ¶ 4). Defendant further contends that substitute assets cannot be encumbered pretrial and cites United States Supreme Court, Court of Appeals, and District of Puerto Rico case law to this effect. *See* Id. ¶¶ 4-14; Luis v. United States, 579 U.S 5 (2016); In re Assets of Martin, 1 F.3d

1351 (3d Cir. 1993); U.S. v. Gotti, 155 F.3d 144 (2d Cir. 1998); U.S. Ripinsky, 20 F.3d 359 (9th Cir. 1994); U.S. v. Pagan-Romero, 2014 WL 2451508 (D.P.R., June 2, 2014); U.S. v. Pagan-Romero, 2014 WL 2739419 (D.P.R., June 17, 2014)

The Court takes no issue with the proposition that untainted or substitute assets cannot be encumbered prior to conviction. Nor does the Court take issue with the cited case law. The Court does take issue with Defendant's disingenuous contention that the Indictment designates the subject real properties as "untainted" or "substitute" property that cannot be forfeited unless assets derived from, or used in, criminal activity cannot be found. To the contrary, paragraphs 2 (c), (d), and (e) of the Indictment's "Racketeering Forfeiture Allegation" lists the subject real properties as: "constituting, or derived from any proceeds obtained directly or indirectly, from racketeering activity in violation of section 1962." (Docket No. 3 at 54-55). Likewise, the Indictment's "Narcotics Forfeiture Allegation" designated the "properties listed in the Racketeering Forfeiture Allegation" as "property constituting or derived from, any proceeds obtained directly or indirectly, as the result of such [narcotics] offense[s] and any property used, or intended to be used, in any manner or part to commit, or to facilitate the commission of the offense[s]." Id. at 57-58.

Since the subject real properties are not "substitute assets", but rather are alleged to be "property constituting, or derived from, any proceeds which the person obtained, directly or indirectly, from racketeering activity", they are subject to "**a restraining order or injunction.. or any other action to preserve the[ir] availability**." *See* 18 U.S.C. 1963(a)(3) & (d)(A) (emphasis added). They are also forfeitable property under 21 U.S.C. §§ 853 & 970. By returning the indictment with the above referenced allegations, the Grand Jury found probable cause that the subject real estate properties constitute proceeds of the charged offenses or are derived from such proceeds. Regardless of whether a cautionary notice under Puerto Rico law amounts to a restraint of the properties, the Grand Jury's finding of probable cause is sufficient to restrain the assets and is conclusive because it is not subject to challenge at a pre-trial, post-restraint, hearing. *See* Kaley v. U.S., 571 U.S. 320, 333 (2014). Moreover, seizure of tainted property does not implicate the Sixth Amendment right to counsel even when the Defendant seeks those assets to pay an attorney. *See* United States v. Monsanto, 491 U.S. 600 (1989) (finding that "the federal drug forfeiture statute authorizes a district court to enter a pretrial order freezing assets in a defendant's possession, even where the defendant seeks to use those assets to pay an attorney"). It bears noting that in the case at bar, Defendant is being represented by CJA appointed counsel so he

is not paying for his attorneys. *See* (Docket Nos. 11 and 25) (Orders appointing Counsel and Learned Counsel under the CJA).

The Clerk of the Court shall issue the requested cautionary notices pursuant to PR. Laws Ann. Tit. 30 § 6064(1).

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 31st day of August 2026.

S/ RAÚL M. ARIAS-MARXUACH
United States District Judge